UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTATE OF SILVESTRE QUEBRADO, by its representative named THALIA QUEBRADO; THALIA QUEBRADO; DELIA QUEBRADO; JORGE QUEBRADO; SHELIA QUEBRADO; LUISA AGUILAR; LUISA AGUILAR, on behalf of minor L.Q.,

       Plaintiffs,

-against-

MACQUARIE CORPORATE AND ASSET FUNDING, INC.; MACQUARIE EQUIPMENT CAPITAL, INC.; EQUIPMENTSHARE.COM, INC.; TEREX SOUTH DAKOTA, INC.; TEREX USA, LLC,

       Defendants.

1:22-CV-0519 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

 Plaintiffs, who appear *pro se*, assert claims under the Court's diversity jurisdiction.[1] Plaintiffs' claims arise from events that allegedly occurred in Houston, Texas, and that Plaintiffs assert, caused the death of Silvestre Quebrado. For the reasons discussed below, the Court transfers this action to the United States District Court for the Southern District of Texas.

 Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child must include only the minor's initials when doing so. Plaintiffs' complaint, civil cover sheet, and requests for summonses all mention the full name of a minor child. For that reason, the Court has directed the Clerk of Court to restrict electronic access to those submissions to a "case participant-only" basis.

       defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 § 1391(c)(1), (2). Also, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

    Plaintiffs name the following as defendants: (1) Macquarie Corporate and Asset Funding, Inc., "a Delaware entity with its principal place of business in New York" (ECF 1, at 1); (2) Macquarie Equipment Capital, Inc., "a Delaware entity with its principal place of business in New York" (*id.* at 2); (3) EquipmentShare.Com, Inc., "a Delaware entity with its principal place of business in Missouri" (*id.*); (4) Terex South Dakota, Inc., "a Delaware entity with its principal place of business in Connecticut" (*id.*); and (5) Terex USA, LLC, "a Delaware entity with its principal place of business in Connecticut" (*id.*). Because Plaintiffs fail to allege any facts showing that all of the defendants reside within the State of New York, and that at least one of the defendants resides within this judicial district,[2] this court is not a proper venue for this action under Section 1391(b)(1).

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx (Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan.

Plaintiffs also fail to allege any facts showing that a substantial part of the events or omissions giving rise to their claims arose in this federal judicial district. Thus, venue is not proper in this court under Section 1391(b)(2).

Plaintiffs do allege, however, that the events giving rise to their claims occurred on January 21, 2020, in Houston, Texas. Houston lies within the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). Accordingly, venue lies in the Southern District of Texas under Section 1391(b)(2). The Court therefore transfers this action to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1406(a). Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail copies of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated:   January 21, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge